[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#107)
The complaint dated August 1, 1989 was filed with this court on August 16, 1989 and bears a return date of August 22, 1989. The plaintiff filed an amended complaint on November 16, 1989. The defendant filed its answer and special defenses on May 25, 1990 and contemporaneously filed a motion for summary judgment.
The motion for summary judgment (docket entry no. 107) claims that the action is barred by the six months statute of limitations established by DelCostello v. Teamsters, 426 U.S. 151
(1983). On January 5, 1994, the plaintiff filed its objection (docket entry no. 119) to the defendant's motion for summary judgment.
The complaint is brought in two counts. The first count alleges that the defendant collective bargaining entity for employees of Carpenter Technology such as the plaintiff breached its implied contract of representation with the plaintiff by its failure to timely file his grievance of January 3, 1987. The second count alleges that the defendant negligently failed to protect the plaintiff's rights in the employment relationship with Carpenter Technology.
The pleading filed on May 25, 1990 is entitled "Answer and Special Defenses." However, no special defenses were raised CT Page 2921 in that document nor in any other subsequent pleading.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530 (1993). Connecticut Practice 164 requires that the statute of limitations be specially pleaded. Travelers Indemnity Co. v. Robin, 209 Conn. 437, 445-446
(1988). Where a defendant fails to plead a special defense, the court may not consider the defense as a basis for summary judgment nor as a basis for a motion to strike.
Since the defendant in the present case has raised the statute of limitations as its sole ground for summary judgment without first pleading it as a special defense, the motion for summary judgment is hereby denied.
EDDIE RODRIGUEZ, JR., JUDGE